# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>WOODFORD, et. al.,<br><br>        Defendants. | CV F   05-695 AWI LJO P<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED "SUPPLEMENTAL CIVIL RIGHTS COMPLAINT" SUBMITTED JUNE 27, 2005, TO PLAINTIFF<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The instant action was filed on June 1, 2005. on June 27, 2005, Plaintiff submitted to the Court a pleading titled "Supplemental Civil Rights Complaint" which was lodged. The Court has reviewed the document and finds that it does not comply with the Federal Rules of Civil Procedure and will be returned to Plaintiff.

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). However, because an

1  Amended Complaint supersedes the original Complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th
2  Cir. 1967), and no longer serves any function in the case, it must be complete in itself without
3  reference to any prior pleading.  See, Local Rule 15-220.   Therefore, in an Amended Complaint,
4  as in an original Complaint, each claim and the involvement of each Defendant must be
5  sufficiently alleged.
6       In this case, Plaintiff has submitted what appears to be a Supplement to the original
7  complaint as it merely adds numerous defendants and "incorporates by reference" each claim or
8  cause of action stated in the initial Complaint.  The submission of a document such as this makes
9  the Court's screening of the Complaint to determine if it states a claim for relief extremely
10 difficult.  For this reason, Supplements to the Complaints are prohibited by the Local Rules.
11 Accordingly, the Court will DIRECT the Clerk of Court to return the lodged Supplement to
12 Plaintiff.  Should Plaintiff desire to submit an Amended Complaint, it must be complete in itself,
13 stating each claim for relief against each Defendant.  The Court will also forward Plaintiff a
14 blank civil rights form so that he can provide *all* the needed information.
15      Plaintiff is also informed that the Amended Complaint should be clearly and boldly titled
16 "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed
17 under penalty of perjury.
18      The Court notes that Plaintiff's original complaint is approximately two hundred pages
19 long.  Thus, the Court informs Plaintiff at this juncture of the requirements of Rule 8 requiring a
20 "short and plain" statement.  the federal system is one of notice pleading.  Galbraith v. County of
21 Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all
22 civil actions, with limited exceptions," none of which applies to section 1983 actions.
23 Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to
24 Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the
25 pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the
26 defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."
27 Swierkiewicz, 534 U.S. at 512.  A Complaint that does not comply with Rule 8's short and plain
28 statement requirement will be dismissed.

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to RETURN the lodged "Supplemental Complaint" dated June 27, 2005, to Plaintiff; and

2. SEND Plaintiff a blank form for prisoners seeking relief under Section 1983.

IT IS SO ORDERED.

**Dated:   July 27, 2005**                         **/s/ Lawrence J. O'Neill**
b9ed48                                             UNITED STATES MAGISTRATE JUDGE