# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WOODFORD, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F　05 695 AWI LJO P<br><br>ORDER DENYING MOTION FOR<br>CONTEMPT ORDER (Doc. 12.) |

　　　Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　On July 8, 2005, this Court issued an Order directing Plaintiff to either pay the filing fee or submit a completed Application to Proceed In Forma Pauperis along with the required certified attachments.  The Court received an Application along with attachments on July 18, 2005.  However, on August 16, 2005, Plaintiff moved for an Order finding Defendants in Contempt.  Plaintiff states that Defendants have deprived him of Due Process because they failed to notify him whether or not they sent the documents to the Court.

　　　Civil contempt is appropriate when a party fails to comply with a court order that is both specific and definite. <u>Gifford v. Heckler</u>, 741 F.2d 263, 265 (9th Cir. 1984). Failure to comply consists of not taking all the reasonable steps within one's power to insure compliance with the order. <u>Balla v. Idaho State Bd. of Corrections</u>, 869 F.2d 461, 466 (9th Cir. 1989). A court must find civil contempt based on clear and convincing evidence. <u>Id</u>. Substantial compliance with a

court order is a defense to an action for civil contempt. Id.  However, intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense. Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).  Punishment for civil contempt is intended to be either coercive or compensatory. U.S. v. Rylander, 714 F.2d 996, 1001 (9th Cir. 1993).

In this case, the prison trust office is not a party to this case and the Order issued by the Court was not directed at the prison or any of the named Defendants, it was directed at Plaintiff. In addition, the failure to notify Plaintiff as to whether or not the documents were sent to the Court does not rise to the level of a violation that can be remedied by this Court.  Plaintiff himself states that he submitted the documents for certification along with a pre-addressed stamped envelope to be sent directly to the Court.  This explains why he did not receive the certified copy back from the prison trust office.  In any event, Plaintiff does not make the requisite showing to cause this Court to issue an Order of Contempt.

Accordingly, Plaintiff's Motion for Contempt is DENIED.

IT IS SO ORDERED.

**Dated:   August 21, 2005**            **/s/ Lawrence J. O'Neill**
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE