# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>   Plaintiff,<br><br>   v.<br><br>WOODFORD, et. al.,<br><br>   Defendants.<br>_____/ | CV F   05-695 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff filed the instant action on June 1, 2006.  The Complaint comprises two hundred ninety one (291) pages, including exhibits, lists ten separate "causes of action" and thirty seven (37) defendants.  Further, each page of Plaintiff's Complaint is single spaced and handwritten and Plaintiff's handwriting is extremely difficult to read.  Given the length and difficulty in reading the Complaint, the Court sees fit to dismiss the Complaint and require Plaintiff to submit an Amended Complaint that complies with the applicable rules.

**C.  CLAIMS FOR RELIEF**

*1.  Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 2. Rule 8(a)

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

As noted above, Plaintiff's Complaint is 291 pages long, names 10 separate causes of action and 37 Defendants. The Complaint, as submitted, clearly violates the provisions of Rule 8.

Plaintiff is informed that his pleading should not contain legal arguments, citations to legal authority, or unnecessary background information. The function of the complaint is to place defendants on notice as to Plaintiff's claims. It is not the function of the complaint to list every single fact relating to Plaintiff's claims and it is not the function of the complaint to include all of the evidence in plaintiff's possession that he intends to use to support his claims. Plaintiff must submit a complaint to the court that meets the requirements of Rule 8. Should Plaintiff continue to violate the rules provided here, the Court will have no alternative but to recommend dismissal.

### 3. Evidence and Exhibits

It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim

for relief. Accordingly, the submission of exhibits in support of the Complaint are unnecessary at this time.

### *4. Exhaustion*

The following exhaustion information is provided for Plaintiff's informational purposes.

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Plaintiff should keep the exhaustion requirement in mind when amending his Complaint.

**C. CONCLUSION**

The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
2  be complete in itself without reference to any prior pleading.  As a general rule, an Amended
3  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
4  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
5  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
6  claim and the involvement of each defendant must be sufficiently alleged.  The Amended
7  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
8  appropriate case number, and be an original signed under penalty of perjury.

**D. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:  November 8, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE